WANZER & CO. v. BRAINARD ET AL.

1. **Fraudulent Conveyance:** EVIDENCE NOT ESTABLISHING. A conveyance of land from a husband to his wife was attacked as fraudulent by a firm to which the husband was indebted. But the evidence showed that the husband bought the land for his wife with money which he had from her, and for which he was to account to her, but took the title in his own name, and afterwards conveyed it to her at her request; also that one of the partners, with whom the business out of which the claim arose was transacted, had knowledge of the wife's interest in the property; also that, at the time of the conveyance, the husband had property of his own exceeding in value the amount of his debts. *Held* that the conveyance to the wife could not, under these circumstances, be adjudged fraudulent.

*Action from Calhoun District Court* — HON. J. H. MACOMBER, Judge.

WEDNESDAY, MARCH 7.

ACTION to subject certain lands to the satisfaction of a claim held by plaintiff against defendant Marvin B. Brainard, which were conveyed by him to his wife, Emily J. Brainard, a co-defendant, and by her subsequently conveyed to James McKaig, another defendant. Plaintiffs insist that the deed to the wife was voluntary and in fraud of their rights as creditors of the husband, and that the conveyance to McKaig was with notice of plaintiffs' rights. There was a decree dismissing plaintiffs' petition upon a finding that the deed to the wife was not fraudulent. Plaintiffs appeal.

*E. C. Stevenson*, for appellants.

*J. C. Kerr* and *E. B. King*, for appellees.

BECK, J.—I. November 30, 1885, plaintiffs recovered a judgment against defendant Marvin B. Brainard for $707.73 in the superior court of Cook county, Illinois. ·On the 28th day of December of the same year they instituted an action by attachment in the Calhoun district court, wherein the lands sought to be subjected to the judgment were seized, and September 20, 1886, they filed their petition in this case, seeking to subject the land to their claim, on the ground that it was voluntarily and fraudulently conveyed to defendant Emily, December 28, 1880, to defeat the creditors of Marvin, and was conveyed to McKaig after their attachment. The allegations of plaintiffs' petition are denied by defendants Marvin B. and Emily J., who allege that the land was conveyed to the last named in good faith, in discharge of a trust, the land being purchased by the husband with property and money and the accumulation thereof which belonged to the wife in her own right, having been inherited by her.

II. In our opinion the decree of the district court is correct. The following facts, which we find upon the preponderance of the evidence, some of them undisputed, require the affirmance of the decree of the court below: (1) The wife inherited from her father's estate in 1868, $2,000. This was invested in property in Illinois, which was sold in 1878, and the proceeds thereof used in the purchase of the land in controversy. The Illinois property was sold for $6,000, $3,000 of which was used in discharging incumbrances, and $2,200 in the purchase of the land in controversy. The balance of the purchase-price was paid by the husband with other lands and other moneys. At the time he was owing the wife a considerable sum on account of the accumulation of her money which he had used. (2) The land in question was bought for the wife, but the title was taken in the name of the husband. (3) One of the plaintiffs, with whom most of the business out of which these claims originated was transacted, knew that the land was bought for the wife with her means, and he had knowledge of the condition of the affairs of the husband and wife. These facts are testified to by the husband, and there is no conflicting evidence on this point. Two of the plaintiffs testify that they had no such knowledge, and gave credit to the husband on the strength of the property in question. (4) The husband testifies that when the deed of the land was executed to the wife he was not indebted to plaintiffs, but two of plaintiffs testify to the contrary. (5) The husband states that when he conveyed the land to his wife he had property of the value of $2,000 to $2,500, and was indebted only in small sums. There is no evidence in conflict with these statements. (6) The deed to the wife was made at her request, and sent by the husband for record.

III. We need not inquire whether the husband was a trustee or a debtor of the wife. It cannot be doubted that he received a considerable sum which she owned in her own right. Under the agreement it was to be invested and held

for her. As between them, he was liable to account to her for the money he had received and its accumulations. In discharge of his obligations, either as a trustee or as a debtor, he could convey and she could receive the property in question.

IV. Plaintiffs cannot complain of the transaction between the husband and wife, for the reason that at the time of the conveyance he had other property amply sufficient to satisfy plaintiff's claim. He had a right under any circumstances to pay his wife's claim, while he held sufficient property to pay his other creditors. He was authorized in good faith to pay her, and it was no fraud on his other creditors. There is no evidence tending to show a purpose on the part of either husband or wife to hinder, delay or defeat his creditors.

V. The preponderance of the evidence shows that one member of the firm, with whom the business out of which plaintiffs' claim arose was transacted, had knowledge of the wife's interest in the property. His knowledge was the knowledge of the firm. The credit to plaintiffs, therefore, was not given upon faith in the husband's ownership of the property.

Other points of the case need not be noticed. Upon these considerations, we reach the conclusion that the decree of the district court ought to be

AFFIRMED.